# WESTERN DISTRICT OF TENNESSEE

FILED BY _____ D.C.

U.S.A. vs. Eric Dormayer

Docket No. 2:02CR20215-01

05 JUN 10 PM 5: 04

## Petition on Probation and Supervised Release

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.

COMES NOW Lorin J. Smith, **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Eric Dormayer, who was placed on supervision by the Honorable Bernice B. Donald, United States District Judge, sitting in the Court at Memphis, Tennessee on the 22nd day of January 2003, who fixed the period of supervision at *two (2) years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall participate in substance abuse treatment and testing as directed by the probation officer.
2. The defendant shall seek and maintain employment.

*Supervised Release began on July 16, 2004.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**
*(If short insert here; if lengthy write on separate sheet and attach)*

### SEE ATTACHED

**PRAYING THAT THE COURT WILL ORDER** that a **WARRANT** be issued for **Eric Dormayer** to appear before the United States District Court to answer to charges of Violation of Supervised Release.

**BOND:** _____

## ORDER OF COURT

Considered and ordered this 10th day of June, 2005, and ordered filed and made a part of the records in the above case.

Bernice B. Donald,
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 7, 2005

Lorin J. Smith
U.S. Probation Officer

Place: Memphis, Tennessee

FILED BY ___ D.C.
05 JUN 10 PM 5: 04
ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on 6-13-05

74

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:

**The defendant not commit another Federal, State or Local crime.**

On April 12, 2005, Mr. Eric Dormayer was arrested in Corinth, MS for Possession of Over 250 Units of Pseudoephedrine.

After receiving information regarding the possible purchase of precursors to the manufacture of Methamphetamine the Corinth City Police Department conducted a traffic stop on a vehicle driven by Mr. Dormayer. Corinth Police were given permission to search the vehicle. Upon search of the vehicle it was discovered that Mr. Dormayer was in possession of 397 pseudoephedrine pills.

In a written statement given to Detective Derrill Hopkins of the Corinth Police Department, Mr. Dormayer admitted to the possession of the pseudoephedrine pills and stated the following regarding his possession of the pseudoephedrine, "I was going to give the pills to someone I know and they were going to give me meth."

Mr. Dormayer has been released from the Corinth City Jail on a $1,000.00 bond. His next court hearing is July 19, 2005 in Corinth City, Mississippi.

On May 19, 2005 Eric Dormayer was arrested in Marshall County, MS for Possessing a Controlled Substance, to wit: Methamphetamine and Possession of Anhydrous Ammonia, Knowing Under Circumstances, Where One Reasonably Should Know That The Anhydrous Ammonia Will Be Used to Unlawfully Manufacture a Controlled Substance.

Marshall County Mississippi Dispatchers notified Mississippi Bureau of Narcotics Agent Gary Byrd that a suspicious vehicle and several subjects were present at 843 Lee Creek Road where a Methlab had been previously discovered. Upon arrival at the location Agent Byrd observed Eric Dormayer sitting on the tailgate of a truck. Officers located 14.0 grams of a powdery substance on the tailgate of the truck which tested positive as methamphetamine. In addition, investigators found a tank of anhydrous ammonia which was located in the vehicle of Larry Truelove, who was also at the 843 Lee Creek Road location.

Mr. Dormayer has been released from Marshall County Jail on a $100,000.000 bond. His next hearing is June 13, 2005 in Marshall County, Mississippi.

**The defendant shall refrain from the unlawful use of a controlled substance.**

Eric Dormayer tested positive for the use of methamphetamine on February 10, 2005, February 23, 2005, and March 31, 2005.

**The defendant shall not leave the judicial district without the permission of the court or probation officer.**

On April 12, 2005 Mr. Eric Dormayer was arrested by the Corinth City Police Department. Mr. Dormayer did not have the permission of the probation officer to be outside the Western District of Tennessee.

On May 19, 2005 Mr. Eric Dormayer was arrested in Marshall County, Mississippi by the Marshall County Sheriffs Department. Mr. Dormayer did not have the permission of the probation officer to be outside the Western District of Tennessee

**The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.**

On May 19, 2005 Mr. Eric Dormayer was found to be in possession of 14.0 grams of methamphetamine by law enforcement officers in Marshall County, Mississippi.

**The defendant shall not associate with persons engaged in criminal activity and shall not associate with anyone convicted of a felony, unless given permission to do so by the probation officer.**

At the time of his arrest, on May 19, 2005, Mr. Dormayer was in the company of Mr. Larry Joe Truelove a convicted felon. Mr. Dormayer was not given permission by the probation officer to associate with Mr. Truelove.

**The defendant shall submit to drug testing and treatment as directed by the probation officer.**

As a result of testing positive for the use of methamphetamine, Mr. Dormayer was referred to the Memphis Alcohol and Drug Counsel (MADC) for intensive outpatient treatment on March 23, 2005. On April 13, 2005, Mr. Dormayer was discharged from MADC for noncompliance.

Eric Dormayer failed to submit to random drug screening five (5) times between January 22, 2005 and April 13, 2005.

# VIOLATION WORKSHEET

1. Defendant: <u>Eric Dormayer, 825 East Parkway South, Memphis, TN 38104</u>

2. Docket Number: <u>2:02CR20215-01</u>

3. District/Office: <u>Western District of Tennessee, Memphis</u>

4. Original Sentence Date   <u>January</u>    <u>22</u>    <u>2003</u>
                              month      day    year

   *(If different than above):*

5. Original District/Office:

6. Original Docket Number :

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation(s) | Grade |
|---|---|
| New Criminal Conduct: Possession of Pseudoephedrine | A |
| New Criminal Conduct: Possession of Methamphetamine and Anhydrous Ammonia | A |
| Use of Drugs | B |
| Leaving the District Without Permission | C |
| Association With a Convicted Felon | C |
| Failure to Comply With Drug Treatment | C |

8. Most Serious Grade of Violation (see §7B1.1(b))     A

9. Criminal History Category (see §7B1.4(a))74         II

10. Range of imprisonment (see §7B1.4(a))              | 15 - 21 months |

    Statutory Maximum is 24 months.

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

    { } (a) If the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is at least one month but not more than six months, § 7B1.3(c)(1) provides sentencing options to imprisonment.

    { } (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, § 7B1.3(c)(2) provides sentencing options to imprisonment.

    {X} (c) If the minimum term of imprisonment determined under § 7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit

**Defendant: <u>Eric Dormayer</u>**

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine community confinement, home detention, or intermittent confinement Previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see § 7B1.3(d)}:

    Restitution____N/A_____     Community Confinement____N/A_____

    Fine_____N/A_____      Home Detention_____N/A_____

    Other/Special Assessment __N/A___     Intermittent Confinement___N/A_____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of § §5D1.1-1.3{see § §7B1.3(g) (1)}.
    　　　　　　　　　　　　　　Term:

    If supervised release is revoked and the term of imprisonment imposed is less than the maxim term of imprisonment upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see18U.S.C.§3583(e) and §7B1.3(g) (2)}.

    Period of supervised release to be served following release from imprisonment: [__]

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

15. **Official Detention Adjustment {see §7B1.3(e)}: [Adjust Months] months [Adjust Days] days**

**Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 74 in case 2:02-CR-20215 was distributed by fax, mail, or direct printing on June 13, 2005 to the parties listed.

Thomas A. Colthurst
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT